# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KENNETH P. McGOWAN,

        Petitioner,

v.                                                            Case No. 10-CV-382

WILLIAM POLLARD,

        Respondent.

_____

## ORDER

On May 4, 2010, the petitioner, Kenneth P. McGowan ("McGowan"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After pleading guilty in Milwaukee County Circuit Court, McGowan was convicted of one count of first-degree reckless homicide, a violation of Wis. Stat. § 940.02(1). McGowan was sentenced to thirty-nine years of imprisonment, fourteen years of which can be served on extended supervision. McGowan is currently confined to the Green Bay Correctional Institution in Green Bay, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial

Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of McGowan's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears McGowan's petition is timely. According to the information provided in his federal habeas petition, McGowan's conviction became final on August 10, 2009, which was 90 days after the Wisconsin Supreme Court denied McGowan's petition for review. McGowan filed his federal habeas petition seven months later. As such, the petitioner has sought habeas relief within the one year statute of limitations period prescribed by federal law.

The court continues its Rule 4 review by examining McGowan's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell*

-2-

*v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). The burden is on the petitioner of proving compliance with the exhaustion requirement. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971).

Here, it appears that the claims in McGowan's petition are exhausted. McGowan presents the following seven claims for relief in his petition: (1) the state courts denied the petitioner his procedural due process rights by not having an evidentiary hearing to review his ineffective assistance of counsel claim; (2) the petitioner was provided with ineffective assistance of trial counsel because his trial counsel failed to thoroughly investigate the petitioner's case; (3) the petitioner was deprived his due process rights when he was not allowed to withdraw his plea of

-3-

guilty; (4) the petitioner was provided with ineffective assistance of trial counsel because his trial counsel represented his client despite a conflict of interest; (5) the petitioner was deprived his due process right to be present at preliminary hearings in his case; (6) the petitioner was provided with ineffective assistance of trial counsel because he trial counsel did not adequately explain what stipulating to pay a restitution amount would entail; and (7) the petitioner was deprived of his due process rights because he was sentenced based on "inaccurate character evidence" regarding the witness. To meet his burden of proving that his claims have been exhausted, the petitioner has submitted: (1) his petition; and (2) a copy of the orders from the Wisconsin Court of Appeals and the Supreme Court of Wisconsin in his state case. Upon examining the record presented by the petitioner, the court can conclude that all of McGowan's claims were considered and rejected by the Wisconsin Court of Appeals on their merits. Moreover, the Wisconsin Supreme Court denied McGowan's petition for review of the Court of Appeals' ruling on these claims. Therefore, these claims appear to have been fully exhausted in state court.

The court next reviews McGowan's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to

raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner may also procedurally default on a constitutional claim in a habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, the court finds that McGowan has not procedurally defaulted on his claims. His claims were presented and considered on the merits by the Wisconsin Court of Appeals, and McGowan sought timely discretionary review in the Wisconsin Supreme Court.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in McGowan's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because it does not plainly appear McGowan's claims are frivolous or speculative, the court will direct the respondent to file an answer to McGowan's seven claims in the petition.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

-5-

Case 2:10-cv-00382-JPS    Filed 05/19/10    Page 5 of 7    Document 4

The court now must turn to McGowan's motion for leave to proceed *in forma pauperis*. (Docket #2). Ordinarily, a petitioner must pay a filing fee of $5 to bring a habeas petition in this court. The petitioner, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. In support of his request, McGowan has provided an affidavit and a six-month statement from his prison trust account. A review of the documents reveals that McGowan has an average monthly balance of $545.60 for the six months preceding his filing of the § 2254 petition. Further, he claims minimal monthly expenses of $18 dollars a month for "personal hygiene upkeep."

The petitioner has failed to demonstrate his inability to pay the modest $5.00 filing fee. According to McGowan's trust account statement, he has an ample amount of money in his trust account given his monthly expenses. He regularly spends money on luxuries such as ordering art supplies, ordering "cheese dip," and buying items in the canteen. For the court to grant McGowan leave to proceed *in forma pauperis* would be to require the taxpayer to subsidize such luxuries. This is an invitation the court will not accept.

Accordingly,

**IT IS ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis be and the same is hereby **DENIED**, thus petitioner is directed to submit the $5.00 filing fee to the clerk of the court **within thirty days** from the date of this order; and

-6-

**IT IS FURTHER ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1.  Respondent shall file an answer to the ineffective assistance of counsel claims in petitioner's petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3.  Respondent shall file an opposition brief with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge